IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-01420-NYW

DAVID THOMAS RENNER,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

---

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

---

Applicant David Thomas Renner ("Applicant" or "Mr. Renner") is an inmate at the Pinellas County Jail in Clearwater, Florida. Mr. Renner, proceeding pro se, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, [Doc. 1], challenging the validity of his conviction in El Paso County District Court (case number 17CR1259). Before the Court is Applicant's second Motion for Appointment of Counsel, [Doc. 18], filed on August 4, 2023. *See also* [Doc. 2 ("Motion for Appointment of Counsel")].

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he [constitutional] right to appointed counsel extends to the first appeal of right, and no further."). Decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). "However, there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required."

1

*Id.* In particular, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Furthermore, Rule 6(a) provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

The Court has made no determination regarding whether an evidentiary hearing is warranted in this action. No discovery has been requested or authorized by the Court. Therefore, Applicant is not entitled to appointment of counsel at this time, and the Court exercises its discretion in considering the motion.

The factors to consider in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

At this time, the Court is not persuaded that appointment of counsel is necessary in the interests of justice. Mr. Renner has demonstrated an ability to present his claims and respond to issues raised by the Court throughout these proceedings. There is no indication that Applicant requires the assistance of counsel to identify the specific facts or set forth coherent arguments in support of his claims. Indeed, on September 11, 2023, Mr. Renner submitted a detailed "Response to Respondent's Answer," [Doc. 25], which the Court construes as Applicant's Reply in support of his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Thus, this matter is

fully briefed and ripe for a decision on the merits which will be issued by the Court in due course.

The Court observes that counsel will be appointed should the Court determine that an evidentiary hearing is warranted.

Accordingly, it is **ORDERED** that:

(1) Applicant's second Motion for Appointment of Counsel [Doc. 18], filed on August 4, 2023, is **DENIED WITHOUT PREJUDICE**; and

(2) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

> David Thomas Renner
> #1848626
> Pinellas County Jail
> 14400 49th Street North
> Clearwater, FL 33762-2877

DATED: October 3, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge